IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to: | ) | No. 36090-3-III |
| | ) | |
| G'Y.-L.G.M.P. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

PENNELL, A.C.J. — S.M. appeals a trial court order terminating her parental rights

to her daughter, G'Y.-L.G.M.P. We affirm.

FACTS[1]

When S.M.'s daughter was born in 2015, both mother and child tested positive

for methamphetamine and marijuana. The hospital notified Child Protective Services.

The Department of Social and Health Services filed a dependency petition and

S.M.'s daughter was placed into foster care upon the infant's discharge from the hospital.

S.M.'s daughter has remained in foster care ever since.

S.M. and the Department entered into a stipulated dependency order.[2] S.M.'s

parental deficiencies were identified as a "'lack of parenting skills, inability to provide

a safe and stable home, mental health issues, substance abuse issues, and criminal

---

[1] S.M. does not contest any of the trial court's individual factual findings. They are thus verities on appeal. *In re Dependency of J.A.F.*, 168 Wn. App. 653, 667, 278 P.3d 673 (2012)

[2] The father of S.M.'s child voluntarily relinquished his parental rights and is not part of this appeal.

activity.'"  Clerk's Papers (CP) at 290 (quoting Ex. 1, tab 4, at 5).  S.M. was ordered to complete substance abuse and parenting assessments, and to follow the assessors' recommendations.  She was also ordered to participate in random urinalysis testing, individual counseling, and medication management, if recommended.

The court identified drug abuse and mental health issues as S.M.'s primary parenting deficiencies.  To address those problems, the Department provided S.M. individualized co-occurring disorder treatment through Comprehensive Healthcare in Pasco.  Unfortunately, S.M. made no appreciable progress.  S.M. failed to regularly attend her mental health and chemical dependency services.  She never achieved sobriety[3] and was unable to make firm progress in other court-ordered service areas.  By the fall of 2017, S.M. was homeless and had stopped participating in services altogether.

A four-day termination trial was held during February 2018.  At the close of trial, the court terminated S.M.'s parental rights.  The court noted S.M.'s participation in court-ordered services was irregular, and she had made "[l]ittle, if any, progress . . . in correcting the parental deficiencies" throughout the dependency.  *Id*. at 297.

S.M. filed this timely appeal.

---

[3] During the dependency, S.M. had another baby girl, who also tested positive for methamphetamine at birth.

2

No. 36090-3-III
*In re Parental Rights to G'Y.-L.G.M.P.*

ANALYSIS

Termination trials are subject to two phases of proof. *In re Welfare of A.B.*, 168 Wn.2d 908, 911, 925, 232 P.3d 1104 (2010). First, the Department must establish by clear, cogent and convincing evidence that the parent is currently unfit and that the six statutory elements outlined by RCW 13.34.180 have been satisfied. *In re Parental Rights to K.M.M.*, 186 Wn.2d 466, 478, 379 P.3d 75 (2016). Second, the court must determine by a preponderance of the evidence whether termination is in the child's best interests. *Id*. at 479. S.M. challenges the court's order on both grounds.

With respect to the first step, S.M. claims the Department failed to provide her with necessary services, as required by RCW 13.34.180(d). Specifically, S.M. argues the Department failed to offer or provide hands-on parenting services and housing assistance. The Department disputes the factual premise of S.M.'s claims.

The record on review supports the Department. The witnesses at trial testified S.M. was provided referrals for homeless housing services, but she failed to follow up. The Department also provided S.M. with some parenting services. The testimony established that further classes were unwarranted until S.M. was able to achieve at least 90 days of sobriety.

3

Even if the Department had inexcusably failed to provide S.M. parenting classes and housing assistance, the trial court's order of termination would still stand because of S.M.'s failure to address her drug use. The Department's witnesses testified S.M. would not be able to reunify with her daughter until she achieved consistent sobriety in an outpatient setting. This never happened, despite numerous opportunities. Drug use was the root cause of S.M.'s parenting struggles, including her inability to retain housing[4] and participate in parenting classes. Because the Department's failure to offer services can be excused if the offer would have been futile, the trial court had ample basis for finding the Department had offered S.M. all reasonable services. *In re Welfare of M.R.H.*, 145 Wn. App. 10, 25, 188 P.3d 510 (2008).

With respect to the second step of the termination analysis, the length of time of the dependency proceedings justified the trial court's finding that termination was in the best interests of S.M.'s child. *In re Dependency of J.A.F.*, 168 Wn. App. 653, 670, 278 P.3d 673 (2012). By the time of trial, S.M.'s child was over two and one-half years old and had never lived with S.M. Over the course of the dependency, S.M. never made any appreciable progress in maintaining sobriety in an outpatient setting. In fact, at the time

---

[4] During the dependency, S.M. obtained housing at an Oxford House, but she was evicted after she tested positive for methamphetamine.

of trial in February 2018, S.M. had disengaged completely. Although the witnesses testified that S.M. loved her daughter, there was no indication S.M. would be able to address her barriers to reunifying with her daughter in the foreseeable future. Given these circumstances, the trial court appropriately found termination of S.M.'s parental rights would be in her daughter's best interests.

## CONCLUSION

The order terminating parental rights is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, A.C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

5